■ In the Matter of DONOVAN FERRIL, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [20 NYS3d 753]—

Appeal from a judgment of the Supreme Court (McGrath, J.),

entered November 12, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of disobeying a direct order and possession of authorized material in an unauthorized area. Specifically, the charges stemmed from the discovery of several sexually explicit magazine pages in petitioner's cell that, given petitioner's participation in a sex offender counseling and treatment program, were prohibited from being in his possession. Petitioner was found guilty of both charges following a tier III disciplinary hearing. The determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.*

Initially, respondent concedes—and upon our review of the transcript we agree—that substantial evidence does not support that part of the determination finding petitioner guilty of disobeying a direct order. Accordingly, the determination must be annulled to that extent and all references thereto expunged from petitioner's institutional record. Given that the penalty imposed included loss of good time, the matter must be remitted for a redetermination of the penalty.

Turning to the remaining charge, the misbehavior report and related documentation, together with the testimony from the correction officer who discovered the magazine pages, provide substantial evidence to support the determination of guilt (*see Matter of Brooks v Unger*, 110 AD3d 1122, 1122 [2013]; *Matter of Coleman v Selsky*, 40 AD3d 1328, 1328-1329 [2007]). Petitioner's contention that the discovered material was not his presented a credibility issue for the Hearing Officer to resolve (*see Matter of Coleman v Selsky*, 40 AD3d at 1329). Petitioner's remaining contentions are either unpreserved or without merit.

Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul the determination of guilt with respect to the charge of refusing a direct order; petition granted to that extent, that part of the determination annulled, respon-

---

* Although the petition raises a question of substantial evidence and the matter "should have been transferred to this Court in the first instance, we will consider the issues de novo and render judgment accordingly" (*Matter of Brooks v Unger*, 110 AD3d 1122, 1122 n [2013]).

dent is directed to expunge all references to this charge from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, affirmed.